UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARSHALL COBB, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00307-SEB-DML |
| | ) | |
| STATE OF INDIANA, | ) | |
| KATHLEEN BURNS, | ) | |
| STEPHEN HEIMANN, | ) | |
| JOHN MARTOCCIA, | ) | |
| NANCY VAIDIK, | ) | |
| CURTIS HILL, | ) | |
| RICHARD YOUNG, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening and Dismissing Complaint
and Opportunity to Show Cause**

Plaintiff Marshall Cobb, Sr., is a prisoner currently incarcerated at New Castle Correctional

Facility. He filed this civil action pursuant to 42 U.S.C. § 1983. Dkt. 1. Because the plaintiff is a

"prisoner," this Court has an obligation to screen the complaint before service on the defendants.

28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or

malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is

immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a

claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

Under that standard, a complaint must include "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Cobb names (1) the State of Indiana; (2) Kathleen Burns of the Bartholomew County Prosecutor's Office; (3) Judge Stephen Heimann; (4) John Martoccia, employed at the Bartholomew County Jail; (5) Judge Nancy Vaidik of the Indiana Court of Appeals; (6) Curtis Hill, of the Attorney General's Office; and (7) United States District Judge Richard Young, as defendants in his complaint. Dkt. 1 at 1-2. Mr. Cobb states that in March 2003, he was convicted of a crime that "the State knew never happened," and that defendants Burns, Martoccia, Heimann, Vaidik, and Hill "cover[ed] up the others misconduct" and conspired to make up his charge. *Id.* at 2, 4. Mr. Cobb was sentenced to 45 years imprisonment, and he alleges that defendant Judge Young "blatantly li[ed] in a denial of a habeas [petition]" to hide the facts of Mr. Cobb's innocence.[1] *Id.* at 2.

Specifically, Mr. Cobb alleges that two sworn affidavits "were completely ignored by the defendants," and he was falsely accused. *Id.* He alleges the defendants have violated his

---

[1] In *Cobb v. Sevier*, No. 1:21-cv-03030-RLY-MPB, the Court dismissed Mr. Cobb's habeas petition and denied a certificate of appealability reasoning that the petition must be summarily dismissed for lack of jurisdiction because it was a second or successive action for relief on the same conviction, and there was no indication that the Court of Appeals authorized its filing, *see* dkt. 7 at 2. The Seventh Circuit reviewed the final order of the District Court and the record on appeal and found no substantial showing of the denial of a constitutional right, and Mr. Cobb's certificate of appealability was denied. *See Cobb v. Sevier*, No. 22-1288 (7th Cir. 2022).

constitutional rights resulting in years of wrongful incarceration. He seeks compensatory and punitive damages and declaratory and injunctive relief. *Id.* at 3.

### III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed in part as frivolous, and in part for failure to state a claim upon which relief may be granted. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (internal quotation omitted).

### 1. Claims against Judicial Officers

Mr. Cobb's claims against Judges Heimann, Vaidik, and Young are barred by the doctrine of judicial immunity. "[G]enerally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9-11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). This is true even when the judge's actions "are in excess of their justification, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. 335, 651 (1871). Exceptions apply only to "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity," and to "actions, though judicial in nature, taken in complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. Mr. Cobb does not assert that either of these exceptions apply here—and the Court finds that they do not.

Judicial immunity is a well-settled, long-standing legal doctrine that Mr. Cobb is aware of based on his previous filings before this Court. *See, e.g., Cobb v. Benjamin et al.*, No. 1:20-cv-01303-JPH-DML at dkt. 10 (screening order dismissing similar claims against judges). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously,

or was in excess of this authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). In the instant action, the complaint challenges decisions made by the judicial officers during the course of Mr. Cobb's criminal, appellate, and/or habeas proceedings. Thus, the challenged conduct was all taken in the judges' official capacities. Judicial immunity also applies despite any claims that the judges conspired with any non-immune persons. *See Pena v. Mattox*, 84 F.3d 894, 897 (7th Cir. 1996) ("It would not do to strip a judge or prosecutor of his immunity merely because he conspired with nonimmune persons.").

For these reasons, Mr. Cobb's claims against the Judges are **dismissed as frivolous**.

### 2. Claims against Prosecutors

Similarly, claims against defendants Burns and Hill are barred by the doctrine of prosecutorial immunity. The Supreme Court has recognized that prosecutors are absolutely immune from a civil suit for damages under § 1983 "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). The allegations in the complaint make clear that the defendants' actions—even if improper—were "intimately associated with the judicial phase of the criminal process, and thus were functions to which the reasons for absolute immunity apply with full force." *Id.* at 430. Mr. Cobb is also well aware of this well settled and long-standing case law from previous orders issued by this Court. *See, e.g., Cobb*, No. 1:20-cv-01303-JPH-DML at dkt. 10 (screening order dismissing similar claims against prosecutors).

For these reasons, Mr. Cobb's claims against the prosecutors are **dismissed as frivolous**.

### 3. State of Indiana

To the extent that Mr. Cobb intends to sue the State of Indiana, this claim is barred by the Eleventh Amendment which "grants states immunity from private suits in federal court without

their consent." *Nunez v. Ind. Dep't. of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016). These claims are **dismissed for failure to state a claim** upon which relief may be granted.

### 4. *Heck* Barred

Finally, Mr. Cobb's claims necessarily imply the invalidity of his state criminal conviction, and are therefore governed by *Heck v. Humphrey*, 512 U.S. 477 (1994). The Seventh Circuit summarized *Heck* as holding "that a § 1983 suit for damages alleging that unlawful conduct produced an invalid conviction is unavailable if success necessarily implies the invalidity of a conviction or sentence." *Hummel v. Cooley*, 753 F. App'x 411, 413 (7th Cir. 2019) (citing *Heck*, 512 U.S. at 486-87). When a § 1983 plaintiff "makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003). Thus, Mr. Cobb's claims are not cognizable under § 1983 until— and unless—his state criminal conviction is resolved in his favor. Mr. Cobb has presented no factual allegations that his state criminal conviction has been resolved in his favor. Mr. Cobb is well aware that *Heck* poses a bar to his claims. *See, e.g., Cobb v. Benjamin et al.*, No. 20-3247 (7th Cir. 2021).[2]

For these reasons, Mr. Cobb's claims are **dismissed for failure to state a claim** upon which relief may be granted.

Because the Court has been unable to identify a viable claim for relief against any particular

---

[2] In that action, Mr. Cobb filed suit alleging he "has been wronged by various judges and prosecutors who, he says, refuse to consider evidence of his innocence" for the same criminal conviction that is the subject of this instant action. *Cobb*, No. 20-3247 at p. 1. This Court screened and dismissed Mr. Cobb's amended complaint in that action pursuant to 28 U.S.C. § 1915A before any defendants were served, due to absolute immunity of the defendants. *Id.* at 2-4 ("Because Cobb's convictions have not been invalidated—and he remains incarcerated—his claims for damages under § 1983 are not yet cognizable," and further, "he cannot bring a § 1983 suit alleging that he was unjustly convicted (or denied habeas relief) until his convictions are set aside." The Seventh Circuit affirmed the District Court's dismissal but modified the judgment to reflect a dismissal without prejudice pursuant to *Heck*.).

defendant, the complaint is subject to dismissal.

### IV. Opportunity to Show Cause

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through August 31, 2022,** in which to show cause why Judgment consistent with this Order should not issue.  *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**SO ORDERED.**

Date: 8/4/2022

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARSHALL COBB, SR.
129571
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362